**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOZETTE HITE,**

              **Plaintiff,**

**vs.**                                             **Case No.**


**HILL DERMACEUTICALS, INC., a**
**Florida corporation,**

              **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOZETTE HITE ("Plaintiff"), hereby sues Defendant, HILL DERMACEUTICALS, INC., a Florida corporation ("Defendant") and alleges as follows:

### INTRODUCTION

1.    This action is brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., the Florida Civil Rights Act, § 760.01 et seq. ("FCRA") and Family Medical and Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") to redress Plaintiff's discharge from employment and other unlawful terms and conditions of her employment.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 & 1367.

3.    Defendant's unlawful conduct was committed within the jurisdiction of the Tampa Division of the United States District Court for the Middle District of Florida.

4.      Plaintiff has performed all conditions precedent necessary to the maintenance of this action, including the timely filing of a charge with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations, expiration of at least 6 months after the filing of said charge, and the timely filing of this action.

5.      Defendant is a Florida corporation.

## PARTIES

6.      Plaintiff was a resident and citizen of Hillsborough County, Florida at all times relevant to this action.

7.      Defendant was Plaintiff's employer within the meaning of Title VII and FCRA at all times relevant to this action.

## FACTUAL BACKGROUND

8.      Plaintiff was employed with Defendant in 2003 as a representative.

9.      Plaintiff performed her duties in a fully satisfactory manner throughout her employment with Defendant.

10.     In March 2008, Plaintiff gave birth to her first son.

11.     Thereafter, Plaintiff's supervisor, a woman herself without any desire for childrens and who was overtly hostile to woman having children, expressed doubts that a woman such as Plaintiff could care for children and handle a full-time career.

12.     Plaintiff was encouraged to consider a different career path by her supervisor based on her gender and role as caregiver to her son.

13.     Plaintiff was denied or not considered for promotional opportunities as a result of her gender and caregiver role.

14.     Plaintiff's supervisor learned in October 2009 from other female employees that Plaintiff may again be pregnant.

15.     Plaintiff's supervisor questioned Plaintiff to ascertain if Plaintiff was pregnant and, if so, whether it was planned.

16.     Plaintiff was initially reluctant to confirm she was pregnant with her second child based on how she was treated after her first child was born.

17.     Plaintiff gave birth to her second child in March 2010.

18.     Plaintiff wanted to take 8 weeks of maternity leave.

19.     While on leave, Plaintiff's supervisor pressured Plaintiff to return to work earlier than anticipated, stating to Plaintiff that her job was on the line.

20.     Plaintiff returned after 6 weeks as a result of her supervisor's pressure.

21.     Plaintiff received a positive evaluation in May 2010.

22.     After Plaintiff returned to work and began to take breaks to express milk, her loyalty was questioned without any justifiable basis other than on Plaintiff's gender and role as a caregiver for her children.

23.     Shortly before Plaintiff was discharged in November 2010, she was prohibited from taking breaks to pump breast milk.

24.     When Plaintiff objected that failing to pump would expose her leaks and pain, her supervisor said that any leaks could be covered by Plaintiff's long hair.

25.     In October 2010, Plaintiff was informed her sales numbers were "low" and Defendant asked Plaintiff to work another sales meeting in November 2010 as to which Plaintiff had a prior conflicting personal commitment- to attend another couple's wedding.

26.     Plaintiff was then informed on November 4, 2010 that Defendant was not happy with her performance and Defendant placed her on a performance improvement plan.

27.     Plaintiff was then terminated on November 11, 2010.

28.     Defendant pretextually claimed Plaintiff was somehow associated with a website that allegedly offered products which did not, in any way, compete with or denigrate products sold by Defendant.

**COUNT I - GENDER DISCRIMINATION IN
VIOLATION OF TITLE VII AND THE FCRA**

29.     Plaintiff realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Plaintiff was in a protected group at all times material to this action.

31.     Defendant's purported reason for Plaintiff's discharge was a mere pretext for gender discrimination.

32.     Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Grant a judgment requiring Defendant to pay to Plaintiff back-pay found to be due and owing at the time of trial, compensatory damages proven at trial; punitive damages; and prejudgment interest thereon;

B.     Award Plaintiff front-pay; and

-4-

C.     Grant Plaintiff costs and an award of reasonable attorney's fees under Title VII and the FCRA.

## COUNT II - PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII AND THE FCRA

33.     Plaintiff realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

34.     Plaintiff was in a protected group at all times material to this action.

35.     Defendant's purported reason for Plaintiff's discharge was a mere pretext for pregnancy discrimination.

36.     Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Grant a judgment requiring Defendant to pay to Plaintiff back-pay found to be due and owing at the time of trial, compensatory damages proven at trial; punitive damages; and prejudgment interest thereon;

B.     Award Plaintiff front-pay; and

C.     Grant Plaintiff costs and an award of reasonable attorney's fees under Title VII and the FCRA.

## COUNT III - FAMILY AND MEDICAL LEAVE ACT

37.     Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

38.     Defendant harassed Plaintiff to shorten her maternity leave in early 2010, threatening her position.

39.     Defendant terminated Plaintiff on November 11, 2010.

40.     Plaintiff has been damaged by the conduct of Defendant which constitutes interference and retaliation with FMLA rights.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Enjoin Defendant from engaging in any employment practice violative of the FMLA;

B.     Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing at the time of trial, and liquidated damages;

C.     Grant Plaintiff costs and an award of reasonable attorney's fees pursuant to the FMLA; and

D.     Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

BERMAN LAW FIRM, P.A.

By:    */s/ Craig L. Berman*
       Craig L. Berman, Esquire
       BERMAN LAW FIRM, P.A.
       Fla. Bar No. 068977
       111 Second Ave. N.E.; Suite 706
       St. Petersburg, FL 33701
       Phone: (727) 550-8989
       Fax: (727) 894-6251
       cberman@tampabay.rr.com

       **ATTORNEY FOR PLAINTIFF**