UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOZETTE HITE,

      Plaintiff,

v.                    Case No. 8:12-cv-2277-T-33AEP

HILL DERMACEUTICALS, INC.,

      Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Defendant's Partial Motion to Dismiss the Complaint (Doc. # 5), filed on November 27, 2012. Plaintiff filed a response in opposition to the motion (Doc. # 8) on December 22, 2012. For the reasons that follow, the motion is denied.

## I.  Background

In 2003, Plaintiff Jozette Hite commenced employment as a sales representative with Defendant Hill Dermaceuticals, Inc. (Doc. # 1 at ¶ 8; Doc. # 5 at 1). In March of 2008, Hite gave birth to her first son. Id. at ¶ 10. Some time thereafter, Hite's supervisor "expressed doubts that a woman such as [Hite] could care for children and handle a full-time career." Id. at ¶ 11. Hite claims that she "was encouraged to consider a different career

path by her supervisor based on her gender and role as a caregiver to her son." Id. at ¶ 12.

Hite alleges that her supervisor learned in October of 2009 "from other female employees" that Hite was pregnant again. Id. at ¶ 14. Hite's supervisor allegedly questioned Hite "to ascertain if [Hite] was pregnant and, if so, whether it was planned." Id. at ¶ 15. Hite claims that she "was initially reluctant to confirm that she was pregnant with her second child based on how she was treated after her first child was born." Id. at ¶ 16.

Hite gave birth to her second child in March of 2010, after which Hite "wanted to take 8 weeks of maternity leave." Id. at ¶¶ 17-18. While on leave, Hite's supervisor allegedly pressured [Hite] to return to work earlier than anticipated, stating to [Hite] that her job was on the line." Id. at ¶ 19. As a result of this alleged pressure, Hite returned to work after six weeks of leave. Id. at ¶ 20.

When Hite returned to work, she began to "take breaks to express milk." Id. at ¶ 22. Because of these breaks, Hite claims that "her loyalty was questioned without any justifiable basis other than on [Hite's] gender and role as a caregiver for her children." Id. Shortly before

Defendant discharged Hite in November of 2010, Hite was allegedly "prohibited from taking breaks to pump breast milk." Id. at ¶ 23.

Despite receiving a positive evaluation in May of 2010, Hite "was informed [in October of 2010 that] her sales numbers were 'low.'" Id. at ¶¶ 21, 25. On November 4, 2010, Defendant——allegedly unhappy with Hite's performance——placed Hite on a performance improvement plan. Id. at ¶ 26. On November 11, 2010, Hite was terminated. Id. at ¶ 27.

On October 5, 2012, Hite filed the instant action, alleging gender discrimination in violation of Title VII, 42 U.S.C. § 2000e, et seq., and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.01, et seq. (Count I); pregnancy discrimination in violation of Title VII and the FCRA (Count II); and violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq. (Count III). On November 27, 2012, Defendant filed a partial motion to dismiss, arguing that Count III, Hite's alleged violations of the FMLA, should be dismissed with prejudice as untimely filed. (Doc. # 5).

## II.  **Legal Standard**

In reviewing a motion to dismiss, a trial court

accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

In <u>Bell Atlantic Corp. v. Twombly</u>, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with <u>Twombly</u>, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

4

### III. __Discussion__

The FMLA provides, in relevant part:

(1)  Exercise of rights

It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

(2)  Discrimination

It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

29 U.S.C. § 2615(a)(1)-(2).   Generally, claims based on violations of the FMLA "may be brought . . . not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought."   29 U.S.C. § 2617(c)(1).   This two-year statute of limitations is extended to three years for claims brought "for a willful violation."   Id. § 2617(c)(2).

Defendant argues in its motion to dismiss that Hite's FMLA claims are untimely, and thus that the Court should dismiss Count III with prejudice.   (Doc. # 5 at 3). Specifically, Defendant argues that, because Hite does not attempt to allege that Defendant's violation of the FMLA was willful, the two-year limitations period applies, yet Hite alleges several instances of discriminatory conduct

5

that occurred more than two years before Hite filed the instant Complaint. Id. at 4-5.

The Court agrees that Hite has not attempted to allege that Defendant's violations were willful; Hite's Complaint is devoid of any allegation that Defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." See Majors v. Morgan Tire & Auto, Inc., No. CV104-047, 2005 WL 2709634, at *11 (S.D. Ga. Oct. 21, 2005) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988) and reasoning that, since "[t]he term 'willful' is not specifically defined in the FMLA, and it appears that neither the United States Supreme Court nor the Eleventh Circuit has defined it with respect to the FMLA," the FLSA standard for willfulness applies to FMLA claims as well); Scheibel v. Huckleberry, Sibley & Harvey Ins. & Bonds, Inc., No. 6:09-cv-1249-Orl-28GJK, 2009 WL 4627910, at *1 (M.D. Fla. Dec. 2, 2009). Furthermore, in her response to Defendant's motion to dismiss, Hite did not dispute the lack of any allegation in the Complaint pertaining to Defendant's willfulness or otherwise indicate that anything but the two-year limitations period should apply. Therefore, the Court will apply the two-year

limitations period in evaluating the instant motion to dismiss.

To support its statute-of-limitations argument, Defendant refers to the incidents alleged in Hite's Complaint that purportedly occurred before October 5, 2010——exactly two years before Hite filed this action. Although Hite's Complaint indicates that some of Defendant's alleged actions, including pressuring Hite to return to work early during her maternity leave (Doc. # 1 at ¶¶ 19-20), occurred before October 5, 2010, Hite maintains that her termination date falls within the two-year limitations period, and thus that her FMLA claim should survive the motion to dismiss. (Doc. # 8 at 1). The Court agrees.

"Statutes of limitations serve important purposes in promoting the fair administration of justice." Arce v. Garcia, 434 F.3d 1254, 1260 (11th Cir. 2006); see also Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 428 (1965) ("Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.") (internal quotation and citation omitted). Accordingly,

Hite's opportunity to state a claim for any violation of the FMLA based entirely on independent events occurring before October 5, 2010, has expired.

However, accepting as true all factual allegations in the Complaint and construing the facts in the light most favorable to Hite, the Court concludes at this juncture that the "last event" for purposes of interpreting the FMLA's statute of limitations was Hite's termination on November 11, 2010. (Doc. # 1 at ¶ 39). While the Court acknowledges Defendant's argument that "Plaintiff does not allege that her termination was related to conduct protected by the FMLA" (Doc. # 5 at 5), a more in-depth inquiry relating to the causal link between Hite's termination and her protected activity under the FMLA is reserved for the summary judgment stage, and would be inappropriate in evaluating the present motion to dismiss.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant's Partial Motion to Dismiss the Complaint (Doc. # 5) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of January, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record.