UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEZETTE HITE,

      Plaintiff,

v.                   Case No. 8:12-cv-2277-T-33AEP

HILL DERMACEUTICALS, INC.,

      Defendant.

_____/

## ORDER

This cause comes before the Court pursuant to Defendant Hill Dermaceuticals, Inc.'s Objections (Doc. # 25) to the Magistrate Judge's Order (Doc. # 24) on Plaintiff's Motion to Compel (Doc. # 20).  Plaintiff Joezette Hite filed a timely memorandum in opposition to the Objections.  (Doc. # 32). For the reasons that follow, Hill Dermaceuticals' Objections are overruled in part and sustained in part as detailed herein.

## I.  Background

Hite initiated this action against her former employer, Hill Dermaceuticals, on October 5, 2012.  (Doc. # 1).  Hite's Complaint contains three counts: (1) gender discrimination in violation of Title VII and the Florida Civil Rights Act (FCRA), (2) pregnancy discrimination in violation of Title

VII and the FCRA, and (3) violations of the Family and Medical Leave Act. (Id.).

On October 10, 2013, Hite filed a Motion to Compel Discovery and for Sanctions regarding Hite's Second Request for Production of Documents. (Doc. # 20). Specifically, Hite requested: (1) "All weekly reports and commission reports for all Sales Representatives reporting to Elizabeth Schmidt for calendar year 2009 and 2010" (Id. at 3); (2) "Any and all documents which Elizabeth Schmidt indicated maybe (sic) in a dresser drawer during her deposition including but not limited to all field training reports regarding Plaintiff during her entire period of employment" (Id. at 4); (3) "All field training reports for all Sales Representatives reporting to Elizabeth Schmidt for the years 2009 and 2010" (Id. at 5); (4) "Financial statements for Defendant including income statements and balance sheets for 2008, 2009, 2010, and 2011" (Id. at 6); and (5) "All commission statements and field evaluation reports conducted on Elizabeth Schmidt by any supervisor for 2008-2011" (Id.).

On November 13, 2013, Judge Porcelli heard oral argument on Plaintiff's Motion to Compel (Doc. # 23), and on November 18, 2013, Judge Porcelli entered an Order which granted in part and denied in part Plaintiff's Motion (Doc. # 24).

Specifically, Judge Porcelli granted Plaintiff's Motion as to Second Request for Production Nos. 1, 3 and 4, and denied the Motion as to Second Request for Production Nos. 2 and 5. (Doc. # 24).

## II.  **Legal Standard**

A district court shall consider objections to a magistrate judge's order on nondispositive matters and modify or set aside any portion of the order if it is found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005).  A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made. See Ford v. Haley, 195 F.3d 603, 617 (11th Cir. 1999).  A finding is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. 800 Adept, Inc. v. Murex Sec., Ltd., No. 6:02-cv-1354-ORL-19DAB, 2007 WL 2826247, at *1 (M.D. Fla. Sept. 25, 2007).

## III. **Discussion**

Hill Dermaceuticals raises three discrete objections to Judge Porcelli's Order on Hite's Motion to Compel.  The Court will address each of these objections in turn.

**A.    Judge Porcelli's Finding that Information Regarding the Performance of Other Sales Representatives is Relevant to Demonstrating Pretext in this Case**

Judge Porcelli reasoned in the November 18, 2013, Order that, "[g]iven the sequence of events leading to Plaintiff's termination, the information sought by Second Request for Production No. 1 is relevant to demonstrating pretext under the McDonnell Douglas burden-shifting framework." (Doc. # 24 at 2-3) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Based on this reasoning, Judge Porcelli granted Hite's Motion to Compel as to Second Request for Production No. 1 as well as No. 3, both of which request information regarding the performance of other Hill Dermaceuticals sales representatives. (Doc. # 24 at 3). Hill Dermaceuticals maintains that information regarding the job performance of other sales representatives is not relevant "because Defendant has never asserted and does not intend to assert that Plaintiff's job performance was the reason for her termination." (Doc. # 25 at 5). Specifically, Hill Dermaceuticals argues that Judge Porcelli's ruling "is clearly erroneous and contrary to law," (Id. at 3), because

> the requested information, regardless of what it might reveal about Plaintiff's (or anyone else's) job performance, will not have any effect on the outcome of the case. For the sake of argument, what if the requested information shows that

> Plaintiff's job performance was substandard in comparison to her colleagues?  That would merely have provided Defendant with another legitimate, non-discriminatory reason on which it could have relied on deciding to terminate Plaintiff.  On the other hand, again for the sake of argument, what if the requested information shows that Plaintiff's job performance was better than that of her colleagues?  That would simply demonstrate that such reason would not have provided a legitimate, non-pretextual basis for Plaintiff's termination, and thus, shows only that it's a good thing that Defendant did not rely on that reason for terminating Plaintiff.

(Id. at 7).

Hite counters, however, that "a plaintiff can establish that the employer's stated reason is pretextual through a variety of forms of evidence and a plaintiff may not be forced to pursue any particular means of demonstrating pretext." (Doc. # 32 at 5).  In particular, Hite cites Ross v. Rhodes Furniture, 146 F.3d 1286 (11th Cir. 1998), for the proposition that "[a] plaintiff can use any evidence of the employer's past discriminatory conduct to meet her burden of persuasion in a circumstantial evidence case."  (Doc. # 32 at 5). Indeed, in Rhodes, the Eleventh Circuit explains that a plaintiff may carry the burden of demonstrating pretext "by producing any evidence that, if believed, sustains his burden of proof to demonstrate the existence of a genuine issue of fact as to the truth of" the defendant's legitimate, non-

discriminatory reason for firing the plaintiff.  <u>Rhodes</u>, 146
F.3d at 1291 (internal citation and quotation marks omitted).

Furthermore, Hite argues that "[d]ishonesty can be
'affirmative evidence of guilt,'" and that "[p]roof that an
employer's 'explanation is unworthy of credence' allows a
jury to reasonably infer that the defendant is 'dissembling
to cover up a discriminatory purpose.'" (Doc. # 32 at 7)
(quoting <u>Cleveland v. Home Shopping Network, Inc.</u>, 369 F.3d
1189, 1194-95 (11th Cir. 2004)).  Hite explains that "Schmidt
knew of the [Hill Dermaceuticals' alleged nondiscriminatory
reason for terminating Hite] before November 4, 2010 when
Plaintiff was asked to resign," and that a jury may
accordingly find Hill Dermaceuticals' reason for termination
– Hite's operation of an allegedly competing business – to be
a "strategic afterthought once Plaintiff did not immediately
resign . . . ." (Doc. # 32 at 7).

Perhaps most importantly, Hite correctly contends that
"[t]he scope of discovery depends on the relevancy of the
evidence and not whether it will, standing alone, establish
pretext." (<u>Id.</u>).  Indeed, Judge Porcelli aptly summarized
the range of permissible discovery in his November 18, 2013,
Order: "In federal court, parties may obtain discovery
regarding any non-privileged matter relevant to a party's

6

claim or defense . . . .  Relevant information need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence." (Doc. # 24 at 1) (citing Fed. R. Civ. P. 26(b)(1)).

The Court agrees with Judge Porcelli's determination that information regarding the job performance of other sales representatives is relevant to demonstrating pretext under the McDonnell Douglas burden-shifting framework, and accordingly declines to find Judge Porcelli's ruling on this issue to be clearly erroneous or contrary to law.  Hill Dermaceuticals' Objections are thus overruled as to Second Request for Production Nos. 1 and 3.

**B.   Judge Porcelli's Finding that Hite has Properly Pled and Supported a Claim for Punitive Damages**

**1.   Pleading Requirements**

Judge Porcelli determined in his November 18, 2013, Order that, "since Plaintiff properly pled a request for punitive damages in her Complaint pursuant to Title VII and the Florida Civil Rights Act [ ], Plaintiff is entitled to discovery of Defendant's financial worth at this time." (Doc. # 24 at 4).  Hill Dermaceuticals argues, however, that Hite "has not pleaded any facts or allegations in the body of her Complaint as required to actually state a claim for punitive

damages," and thus that Judge Porcelli's ruling is "clearly erroneous." (Doc. # 25 at 8).

"While courts sometimes refer to a 'claim' for punitive damages, there is no such free-standing claim for relief. Rather, punitive damages is a component of the relief sought as to various causes of action." Soliday v. 7-Eleven, Inc., No. 2:09-cv-807-FtM-29SPC, 2011 WL 1837807, at *1 (M.D. Fla. Apr. 20, 2011). "While a claim must be stated with sufficient factual detail to be plausible . . . , Rule 8(a)(3) merely requires 'a demand for the relief sought.'" Id.; see also Gallina v. Commerce and Indus. Ins., No. 8:06-cv-1529-T-27EAJ, 2008 WL 3895918, at *1 (M.D. Fla. Aug. 15, 2008) ("When pleading punitive damages, a plaintiff must merely comply with Federal Rule of Civil Procedure 8(a)(3), which requires 'a concise statement identifying the remedies and the parties against whom relief is sought.'"). Thus, although Hill Dermaceuticals is correct in arguing that "[p]unitive damages are available under the Civil Rights Act of 1991 only when the employer has engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual," (Doc. # 25 at 8-9), the present Objections are not the proper vehicle by which the appropriateness of a punitive damages award may be

tested.  <u>See</u> <u>Ward v. Estaleiro Itajai S/A</u>, 541 F. Supp. 2d
1344, 1359 (S.D. Fla. Mar. 31, 2008) ("To hold that the
plaintiff in an action at law may have discovery of damages
is not to say that the remedy will be granted as of course,
or that protection will not be given to his adversary against
impertinent intrusion . . . .") (internal quotation omitted).

### 2. <u>Evidentiary Showing</u>

Hill Dermaceuticals next argues that, "even if Plaintiff
had properly pleaded a punitive damages claim in her
Complaint, which she has not, she has not put forth any
evidence demonstrating a reasonable basis for her claim, as
required to establish entitlement to financial worth
discovery on the claim." (Doc. # 25 at 10). Hill
Dermaceuticals cites to <u>Haaf v. Flagler Construction
Equipment, LLC</u>, No. 10-62321-CIV, 2011 WL 1871159, at *2 (S.D.
Fla. May 16, 2011), in elaborating that

> Plaintiff failed to cite any case law supporting
> the contention that a mere pleading for punitive
> damages was sufficient to generate an entitlement
> to financial and net worth information, or
> bolstering the argument that [the discovery
> component of § 768.62, Florida Statutes, which
> authorizes punitive damages under Florida law,] did
> not apply at all because the claim is in federal
> court.

(Doc. # 25 at 11) (quoting <u>Haaf</u>, 2011 WL 1871159, at *2)
(internal quotation marks omitted).

Section 768.72, Florida Statutes, provides in relevant part:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. . . . The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.

Fla. Stat. 768.72(1).  The court in Haaf determined that, "[d]espite the lack of a binding Eleventh Circuit opinion on this precise issue," § 768.72's discovery component applies in federal court cases involving Florida state claims.  2011 WL 1871159, at *2.

Although "[i]n Cohen v. Office Depot, Inc., 184 F.3d 1292, 1299 (11th Cir. 1999), the Eleventh Circuit held that the pleading rules established in Federal Rule of Civil Procedure 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave of court before including a prayer for punitive damages," the Eleventh Circuit "did not decide whether the statute's discovery component (requiring a showing of a reasonable basis in the evidence for an award of punitive damages before a party is entitled to discover financial worth information) applies in federal litigation." Haaf, 2011 WL 1871159, at *1.

Hill Dermaceuticals thus argues that, like the plaintiff in Haaf, Hite "has proffered no evidence to the Court – no affidavit, no deposition transcript, no interrogatory answer, nor any admission by Defendant – that could support Plaintiff's claim for punitive damages and justify Plaintiff's request for Defendant's financial information." (Doc. # 25 at 11).

In response, Hite neglects to address the potential application of § 768.72. Instead, Hite provides numerous case citations to bolster her position that "Defendant's financial worth may be reasonably calculated to support plaintiff's claim for punitive damages" (Doc. # 32 at 8), and additionally provides legal argument regarding imputing malice to an employer based on the unlawful acts of an employee "serving in a 'managerial capacity' and 'acting in the scope of employment.'" (Id. at 9). However, Hite appends several attachments to her response, including an excerpt from the deposition of Elizabeth Schmidt already filed by Hill Dermaceuticals in support of its summary judgment motion. (See Doc. # 32 at 13). Presumably, Hite submits this evidence with the intention of supporting her punitive damages claim, although Hite does not indicate that any such

evidence was presented to Judge Porcelli at the time of his November 18, 2013, ruling.

Federal courts analyzing the applicability of § 768.72 in cases involving state law claims have come to differing conclusions regarding a plaintiff's obligation to make an evidentiary showing prior to the permission of punitive damages discovery.  While some cases, such as Haaf, state that a plaintiff must "proffer some evidence to support the punitive damages claim," 2011 WL 1871159, at *2, other cases, such as Ward v. Estaleiro Itajai S/A, 541 F. Supp. 2d 1344, 1359 (S.D. Fla. 2008), conclude that § 768.72 "is a pleading statute that has no effect on discovery practice in federal court."

Indeed, Ward reasoned that, "[i]f application in federal court would require a showing before net worth discovery is allowed, the Court finds that there is a conflict between Federal Rule of Civil Procedure 26(b)(1) and the so-called discovery aspect of § 768.72(1)."  541 F. Supp. 2d at 1359. See also Gottwald v. Producers Group I, LLC, No. 12-81297-CIV, 2013 WL 1776154, at *3 (S.D. Fla. Apr. 25, 2013) (finding that "it is clear that Section 768.72's restriction on financial worth discovery conflicts with Rule 26's mandate of a broad and liberal discovery regime"); but see Gallina, 2008

WL 3895918, at *1 (finding that "the magistrate judge correctly concluded that pursuant to Eleventh Circuit precedent, a plaintiff who pleads punitive damages in a federal diversity action[1] is not required to show evidence in the record to provide a basis for its demand," but also finding that, "[u]nless liability for punitive damages is established at trial, the discovery sought is not relevant").

As explained in <u>Ward</u>, "[t]he Federal Rules are not wanting for procedures to protect parties from vexatious discovery requests.   The Rules prevent the discovery of certain information upon a showing of harm to the disclosing party."   541 F. Supp. 2d at 1356.   Hill Dermaceuticals does not claim, for instance, that it is entitled to a protective order to prevent any "annoyance, embarrassment, oppression or undue burden or expense" associated with the production of the requested documents.   Fed. R. Civ. P. 26(c)(1).   Rather, Hill Dermaceuticals argues generally that "compelling

---

[1] <u>Gallina</u> addresses a plaintiff's duty to provide an evidentiary basis for its punitive damages demand in the context of a federal diversity action.   2008 WL 3895918, at *1.   In the present case, the Court's jurisdiction over Hite's state law claims is predicated on supplemental jurisdiction rather than diversity.   Hill Dermaceuticals does not acknowledge this distinction in its Objections.   However, the Court finds this distinction inconsequential for purposes of the present analysis.

discovery of Defendant's financial information would permit Plaintiff to conduct a vastly overbroad and unwarranted fishing expedition into Defendant's confidential financial information." (Doc. # 25 at 11).

"[T]he procedure for discovery in federal court, as evidenced by Rule 26(b)(1), is aimed at the broad and liberal discovery of all relevant facts . . . ." Ward, 541 F. Supp. 2d at 1355.  Furthermore, "[t]he scope of discovery, whether merits or financial worth, is [ ] within the discretion of the court." Soliday v. 7-Eleven, No. 2:09-cv-807-FtM-29SPC, 2010 WL 4537903, at *3 (M.D. Fla. Nov. 3, 2010).  At this juncture, the Court does not review anew Hite's Motion to Compel, but instead is duty-bound to determine whether Judge Porcelli's ruling was either clearly erroneous or contrary to law.  Given the current state of disagreement among federal trial courts on the issue of evidentiary prerequisites for financial worth discovery, this Court finds that Judge Porcelli's decision generally permitting production of financial worth discovery in this case was neither clearly erroneous nor contrary to law.

**C.**   **Judge Porcelli's Order Compelling Disclosure of Financial Statements and Income Documents for the Years 2008, 2009, 2010, and 2011**

Hill Dermaceuticals argues that, even if "the Court finds that discovery of Defendant's financial information is appropriate at this point or after its summary judgment ruling, at a minimum, the Court must significantly limit the scope of the requested discovery because Judge Porcelli's Order requiring production of financial information for the years of 2008 through 2011 exceeds the proper and allowable scope of financial worth discovery."  (Doc. # 25 at 13). Hite's response neglects to address this argument.

The Court acknowledges that "[o]nly current financial documents are relevant to a claim for punitive damages." Lane v. Capital Acquisitions, 242 F.R.D. 667, 668 (S.D. Fla. 2005) (finding a plaintiff's discovery requests "overbroad on their face in that some seek financial records for a five year period and some seek records for an unlimited time period" and requiring production of financial records for only the most recent 2.5 years); see also Williams v. South Lubes, Inc., No. 1:12-cv-180, 2012 WL 6135170, at *2 (N.D. Fla. Dec. 3, 2012) ("Plaintiff's request for financial data spanning five years is overbroad."). However, the Court additionally notes that "there is no binding authority limiting discovery of net worth information to the current one year period." Soliday, 2010 WL 4537903, at *3 (finding a three-year period

to be reasonable and "well within the sound discretion of the court").

The Court notes Hill Dermaceuticals' failure to raise this argument in its brief before Judge Porcelli (Doc. # 21 at 9-10), but nonetheless finds it appropriate to narrow the scope of permissible discovery in this instance, as Hite has offered no explanation for seeking nearly six-year-old financial information. The Court agrees with the abovementioned cases finding a request for financial data spanning five years to be overbroad; thus, given the principle that "only current financial documents are relevant to a claim for punitive damages" – a principle that remains uncontested by Hite – the Court finds Hite's request for financial information from 2008 and 2009, more than four years removed from Hill Dermaceuticals' current financial state,[2] overbroad. Hite is entitled only to the financial statements requested from years 2010 and 2011; the Court accordingly

_____

[2] Without any indication from the parties as to the accounting practices of Hill Dermaceuticals, the Court presumes for purposes of this analysis that the four most recent years of financial data include the calendar years 2013, 2012, 2011, and 2010.  As Hite apparently has not requested financial data for 2012 and 2013, the Court finds discovery of financial data from only 2010 and 2011 to be appropriate at this time.

sustains Hill Dermaceuticals' Objection to this limited extent.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)  Defendant's Objections (Doc. # 25) to the Magistrate Judge's November 18, 2013, Order are **OVERRULED** in part and **SUSTAINED** in part as provided herein.

(2)  With regard to Document Request No. 4, Plaintiff is entitled only to the financial statements requested for years 2010 and 2011.  Judge Porcelli's Order (Doc. # 24) is otherwise **AFFIRMED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23th day of December, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record